R. Ewing, Receiver, *v.* S. R. Anderson and John H. Dodd.

April Term, 1877

Tender of bank-notes on renewed security. — A tender of the bank-notes of an insolvent bank, which would have been good if made upon the original instrument of liability, will be equally good upon a note given in renewal to the assignee of the bank.

*S. Watson*, for complainant.
*G. B. Guild*, for defendants.

The Chancellor: — On May 4, 1861, the defendant Anderson guaranteed the payment of a note made for the purpose of being discounted, and which was discounted by the Bank of Tennessee at Nashville. The note was not paid at maturity, and the defendant became liable as guarantor. The assets of the Bank of Tennessee were conveyed, after the war, to S. Watson in trust, who filed his bill in this court for the administration of the trust, and continued to act as trustee until his death, last year, when the complainant, Ewing, became receiver of the bank assets. The note guaranteed by defendant Anderson came to the hands of Watson as trustee under the assignment. Anderson made payments on it from time to time, and, on November 27, 1872, executed a note, with his co-defendant, Dodd, as surety, payable on April 1st next thereafter, to S. Watson, trustee of the Bank of Tennessee, for $75, the unpaid balance of the original note, the payment of which he had guaranteed. On April 10, 1877, Anderson tendered to Ewing, as receiver, into whose hands the note had come as part of the assets of the Bank of Tennessee, the full amount then due upon the note, in the new issue of the Bank of Tennessee. The question submitted to me is whether the tender in such notes was legal.

By the thirtieth section of the General Banking Act of this state, of February 6, 1860, it is provided thus: " In case of the insolvency of any bank or banking association,

the bill-holders thereof shall be entitled to preference in payment over all other creditors of such bank or association; and no transfer or assignment of any note, bill of exchange, or other evidence of debt by the bank shall prevent the debtor from paying the same in the hands of the assignee in the currency of such bank." It has been held by our Supreme Court that the new issue of the Bank of Tennessee was lawfully issued, and legally binding upon the bank, and that the debtors of the bank by note, or other evidence of debt discounted by the bank, were entitled to the benefits of the act cited as against Watson as trustee as aforesaid. It is conceded, therefore, that if the tender had been made upon the original note guaranteed by Anderson, it would have been good. The doubt is, whether the right extends to the new note given in renewal of the balance due on the old note.

It is an elementary principle of commercial law, that the same defence which the defendant might make to an action by an indorsee of the note given by him, and the same requirement of proof, may be made by him on a renewal of a former note, both notes being regarded as given on the same consideration. 1 Dan. on Neg. Inst., sec. 177. A new note given for one which was without consideration is equally without consideration. *Id.*, sec. 179. So, if consideration be illegal. *Id.*, sec. 205. Even if given upon an award made under an order of court. *Haley* v. *Long*, Peck, 93; *Tain.* v. *Headerick*, 4 Coldw. 337. The tender was undoubtedly good.